UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
SOFTWARE FOR MOVING, INC.,

                                                                                       **COMPLAINT**
                                Plaintiff,                      **1:16-cv-1696**

            -against-

FALLON MOVING & STORAGE, INC.,
COMMERCIAL MOVING SERVICES, LLC, BUSINESS
LINK TECHNOLOGIES, LLC and DIEBOLD, INC.,

                                Defendants.
-------------------------------------------------------------------------X

       Plaintiff, Software For Moving, Inc., by its attorneys, Flowers, Guillaume & Turner, LLP for its complaint against Defendants, allege:

## JURISDICTION AND VENUE

       1.     This is a civil action seeking damages for breach of contract, interference of contractual relations and copyright infringement under the copyright laws of the Untied States (17 U.S.C. §101 et seq.).

       2.     This Court has jurisdiction under 17 U.S.C. §101 et seq.; 28 U.S.C. §1331 (federal question); 28 U.S.C. § 1332 (diversity) and 28 U.S.C. §1338(a)(copyright).

       3.     Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b)(3) based upon the fact that this Court would otherwise have personal jurisdiction over the Defendants who are all conducting regular, systematic, and continuous business activity in this state.

4. The amount in controversy exceeds $75,000.00.

## PARTIES

5. Plaintiff Software For Moving, Inc. ("SFM") is a software corporation organized and existing under the laws of New York, with its principal place of business at 107-23 71st Road, Suite 130, Forest Hills, County of Queens and State of New York.

6. Defendant Fallon Moving and Storage, Inc. ("Fallon") is a residential moving services corporation organized and existing under the laws of Connecticut, with its principal place of business at 800 Marshall Phelps Road, Windsor, County of Hartford and State of Connecticut.

7. Defendant Commercial Moving Services, LLC ("CMS") is a commercial moving corporation organized and existing under the laws of Connecticut, with its principal place of business at 800 Marshall Phelps Road, Windsor, County of Hartford and State of Connecticut.

8. Defendant Business Link Technologies, LLC is a corporation organized and existing under the laws of Connecticut, with its principal place of business at 134 Meadow Ridge Drive, Lebanon, County of New London and State of Connecticut.

9. Defendant Diebold, Inc. ("Diebold") is a corporation registered to do business in the State of New York, with its principal place of business at 5995 Mayfair Road, North Canton, County of Stark, State of Ohio.

## COUNT I

### BREACH OF CONTRACT

10. Safeguard Computer Services, Inc., a company owned by SFM is, and all relevant times has been, the copyright owners or licensees of exclusive rights under United States copyright with respect to certain copyrighted software by the name of Moving Manager, Registration number TX0004426709/1997-04-16.

11. On or about January 2013, SFM entered into a verbal agreement with Fallon and CMS whereby SFM would modify Moving Manager customized according to both CMS' and Fallon's business needs.

12. Fallon and CMS paid approximately Thirty Thousand ($30,000) to SFM for the license to use the modified version of Moving Manager.

13. As part of the agreement, upon completion of the modification, Fallon and CMS was required to pay SFM for maintenance of the software for Ten (10) years at the rate of One Thousand Dollars ($1,000) per month.

14. SFM was required to provide Fallon with Twenty (20) hours of maintenance which could accumulate to the next month. In the event that Fallon or CMS exhausted accumulated hours and more than Twenty (20) hours were required, additional hours could be purchased at the rate of Fifty Dollars ($50) per hour.

15. Payment for maintenance was to be paid a quarter in advance.

16. Maintenance on the software began mid 2013.

17. Due to cash flow issues, both Fallon and CMS paid the maintenance fee late each month until its last payment given in December 2014 for the month of October 2014.

18. On or about January 2013, Fallon and CMS requested SFM to provide a new warehouse system which would enable Diebold, to access Fallon's system remotely.

19. The Diebold warehouse system development was not part of the monthly maintenance for the Moving Manger system.

20. Fallon and CMS agreed to pay SFM for the development of the warehousing system.

21. The development of the warehouse system took Five Hundred hours (500) and was billed at the rate of Fifty Dollars ($50) per hour.

22. Upon information and belief, Fallon, CMS and Diebold used the warehouse system and continued to use the system since January 2014 after it was developed.

23. On or about May 2014, SFM created another warehouse system for Diebold to enable Diebold to manage their own warehouse system. The creation of the warehouse system took 200 hours to modify and was billed at the rate of Fifty Dollars ($50) per hour.

24. Neither Fallon, CMS nor Diebold has paid for any for these services.

25. SFM also created a new software system for Fallon and CMS which would scrape data from the computer screen of Fallon's client, Home Direct, and load it on to Fallon's system. This system was developed so that Fallon did not have to manually print data from Home Direct's system.

26. The data scraped included deliveries need to be made, truck scheduling, statements and accrual data.

27. The development of the scraping system took 800 hours and was billed at the rate of Fifty Dollars ($50) per hour.

28. Neither Fallon or CMS has paid for any of these services.

29. SFM also provided maintenance and support for both Fallon's and CMS' Google Map routing system. SFM billed Fallon Fifty Dollars ($50) per hour for 700 hours.

30. From November 2013 until December 2014, SFM provided Fallon and CMS with management consulting services. The fee for the consulting was paid in full, however the expenses incurred by SFM in 2014 are still outstanding. Fallon and CMS agreed to reimburse SFM One Hundred Dollars ($100) per trip to Fallon's offices. SMF has incurred $5,900 in expenses which are still unpaid and outstanding.

31. Fallon requested SFM to upload data from the local Multiple Listing Service to the Fallon telemarketing system at the rate of $60.00 per week for 33 weeks for a total of $1,980 unpaid and outstanding.

32. On or about November 2014, Fallon's computer system was corrupted and crashed. Fallon requested that SFM recover the system. Fallon's backup system failed and SFM restored the system using data from a system backup made by SFM a week prior to the crash.

33. SFM billed Fallon and CMS $7,500 for the database restoration.

34. Neither Fallon nor CMS has paid for the data restoration services.

35. SFM is therefore entitled to actual damages in the amount of $125,380 and additional damages for breach of contract contemplated by the terms of the maintenance agreement.

## COUNT II

### INTERFERENCE WITH CONTRACTUAL RELATIONS

36. SFM had a valid contract with CalAmp, a company which provides mobile resource management, headquartered at 15635 Alton Parkway, Suite 250, Irvine, California 92618.

37. CalAmp provides vehicle tracking units which at the time, retailed at a monthly rate of $30 - $40 per box.

38. Fallon and CMS were paying the retail rate for five (5) vehicle tracking units for their trucks.

39. In November 2014, SFM contracted with CalAmp to pay a discounted wholesale rate for a thousand (1,000) units.

40. Fallon and CMS were to be the test clients to evaluate the success of the discount arrangement between SFM and CalAmp.

41. SFM in turn rented the vehicle tracking units to Fallon and CMS at the rate of $15.00 per month. The contract for the 14 boxes was to last thirty-six (36) months at a contract value of $7,560.00.

42. Fallon and CMS had knowledge of the contract between SFM and CalAmp.

43. In April 2015, instead of paying SFM for the units, Fallon and CMS contacted CalAmp directly to pay the bill for the units.

44. The attempt to make a payment to CalAmp by Fallon and CMS was an intentional interference of the contract between SFM and CalAmp.

45. As a result of the interference by Fallon and CMS, SFM lost the contract for discount units with CalAmp and the ability to bargain for units to re-rent to other clients.

46. SFM is therefore entitled to actual damages from Fallon and CMS for the units in the amount of $7,560 and compensatory damages for the interference of the contractual relationship between SFM and CalAmp.

## COUNT III

### INFRINGEMENT OF COPYRIGHT

47. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

48. At all times, SFM was to service Moving Manger and have full access to the program.

49. On or about April 7, 2015, Fallon and CMS contacted SFM and terminated the maintenance agreement.

50. SFM requested that Fallon and CMS cease using the Moving Manager program.

51. Fallon's and CMS' license to use Moving Manager was terminated when payment was not remitted for maintenance according to the license agreement.

52. Upon information and belief, Fallon and CMS continues to use the program in violation of the copyright held by SFM.

53. SFM attempted to access Moving Manager and access was denied by a user authorized by Fallon and CMS.

54. Upon information and belief, Fallon hired Business Link Technologies, LLC to alter Moving Manager and deny access to SFM in violation of SFM's copyright.

55. Upon information and belief, Diebold continues to use the warehouse system in violation of the copyright held by SFM.

56. Upon information and belief, Defendants' foregoing acts of infringement have been willful and intentional, in disregard of and with indifference to the rights of Plaintiff.

57. As a result of Defendants' infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to $150,000, the maximum statutory damages pursuant to 17 U.S.C. §504(c), for each case of infringement by each of the Defendants. Plaintiff is further entitled to his attorneys' fees and costs pursuant to 17 U.S.C. §505.

WHEREFORE, Plaintiff pray for judgment against Defendants as follows:

1. Actual and Compensatory damages for breach of contract - Fallon, CMS and Diebold.

2. Actual and Compensatory damages for the interference with contractual relations - Fallon and CMS

3. Copyright infringement statutory damages pursuant to 17 U.S.C. § 504(c) - All Defendants

4. For Plaintiff's reasonable attorneys' fees incurred herein - All Defendants

5. For such other and further relief as the Court may deem just and proper - All Defendants

Dated: April 5, 2016
Uniondale, New York

Flowers, Guillaume & Turner, LLP

By: /s/ Flowers
Kerlann L. Flowers, Esq.
*Attorneys for the Plaintiff*
626 RXR Plaza, 6th Floor
Uniondale, NY 11556
Phone: (516) 522-0740
Fax: (516) 522-0993